OPINION JUDGMENT ENTRY
{¶ 1} In August of 1995, appellant, Shayne Holdren, was charged with theft, occurring on or about November 29, 1993, criminal damaging, occurring on or about December 7, 1994, and two charges of criminal trespass, occurring on or about July 1, to August 30, 1993.
 {¶ 2} On January 2, 1996, appellant pled no contest to the charges. The trial court found appellant guilty and imposed sentence.
 {¶ 3} On January 27, 2003, appellant filed a motion to expunge his convictions and seal his record pursuant to R.C. 2953.31, et seq. A hearing was held on February 19, 2003. By judgment entry filed same date, the trial court denied the motion.
 {¶ 4} On March 20, 2003, appellant filed a notice of appeal. Thereafter, on March 21, 2003, appellant filed a second motion for expungement. Pursuant to an order by this court, the trial court ruled and denied the motion on June 24, 2003.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "The trial court erred and/or abused its discretion in denying appellant's motion to expunge his conviction and seal the record."
 I {¶ 7} Appellant claims the trial court erred in denying his motion to expunge his convictions and seal his record. We disagree.
 {¶ 8} R.C. 2953.32 governs sealing of records. Subsection (C)(1)(a) through (e) sets forth the factors a trial court shall consider in determining whether to grant a motion to seal conviction records. The first factor is, "Determine whether the applicant is a first offender * * *." R.C. 2953.31(A) defines "first offender" as follows:
 {¶ 9} "`First offender' means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction."
 {¶ 10} In its judgment entry of June 24, 2003, the trial court determined that although the four convictions resulted from the same complaint and the same official proceeding, "the offenses took place over a twelve month period of time." Therefore, appellant was not a first time offender as defined in R.C. 2953.31(A).
 {¶ 11} Appellant argues the offenses did not occur over a twelve month period, but occurred over a period "of some two (2) months," September, 1993 to November, 1993. In support of these dates, appellant submitted his own affidavit with his motion for expungement, some seven years after pleading no contest. A plea of no contest "is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint * * *." Crim.R. 11(B)(2). By pleading no contest, appellant admitted the facts alleged in the complaint which included the dates of the offenses.
 {¶ 12} Upon review, we find the trial court did not err in denying appellant's motion to expunge his convictions and seal his record.
 {¶ 13} The sole assignment of error is denied.
 {¶ 14} The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Licking County, Ohio is affirmed.